UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIONE ANDERSON,

Plaintiff,

v. CASE No. 8:18-cv-1285-T-33TGW

KARIN KEARNS,
G&H COMPANY,

Defendants.

REPORT AND RECOMMENDATION

The plaintiff has filed an Affidavit of Indigency (Doc. 2) pursuant to 28 U.S.C. 1915 seeking a waiver of the filing fee for her complaint against the defendants. The plaintiff has also filed an Emergency Motion to Stay Eviction (Doc. 3) which has been construed as a motion for a preliminary injunction (see Doc. 4), and an Emergency Motion to Stay Eviction (Doc. 7). The plaintiff's first motion for an Emergency Motion to Stay Eviction has been referred to me for a Report and Recommendation (see Doc. 4).

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if a party submits an affidavit

that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that she is entitled to redress. However, even if the party proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

At the outset, it should be noted that the plaintiff did not fully complete the financial affidavit. Thus, she left portions of the affidavit blank pertaining to automobile property, assets in banks or other financial institutions, and obligations (see Doc. 2, pp. 3, 4). In any event, the plaintiff's Emergency Complaint is due to be dismissed.

In this case, it appears the plaintiff is seeking the prevention of being evicted from her home (see Doc. 1). It is noted, although "allegations of a pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers....this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014). Here, the plaintiff's complaint is procedurally inadequate (Doc. 1). Thus, there is not "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" or a

statement of the grounds upon which the court's jurisdiction depends. Rule 8, Fed.R.Civ.P. There is simply no cogent allegation of a claim for relief over which this court would have jurisdiction. In other words, other than conclusory assertions, the plaintiff has not set forth allegations that federal jurisdiction exists in this matter.

Federal district courts have original jurisdiction over cases involving a federal question or when there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. 1331; 28 U.S.C. 1332. Under 28 U.S.C. 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." See also 28 U.S.C. 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000... and is between citizens of different States...").

In this respect, a district court "must inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Hernandez v. U.S. Attorney General, 513 F.3d 1336, 1339 (11th Cir. 2008). Based on the "well-pleaded complaint rule, a case does not arise under federal law unless a

federal question is presented on the face of the plaintiff's complaint." Whitt v. Sherman Int'l Corp., 147 F.3d 1325, 1329 (11th Cir. 1998).

Here, there is no allegation in the plaintiff's complaint that there is diversity between the parties (see Doc. 1). Moreover, there is no indication that the amount in dispute has met the threshold amount of $75,000. See Just Right Rentals, Inc. v. Blevins, 2016 WL 7406681 *2 (M.D. Fla. 2016) (court lacked diversity jurisdiction because the amount of in controversy was about $72,000 short of the required $75,000). Consequently, regardless if the parties are diverse, the required amount in controversy has not been met. Therefore, this court does not have jurisdiction over the matter based on diversity jurisdiction.

Furthermore, the court has no jurisdiction based on a federal question. The plaintiff asserts in a conclusory fashion that "I come to the Court to hear the Emergency Compla[i]nt of Discrimination" (Doc. 1, p. 2). However, the plaintiff's complaint is for an eviction apparently due to the plaintiff not paying her rent (see id., p. 6). "This eviction action does not arise under the Constitution, laws, or treaties of the United States, but, instead, arises under the laws of the State of Florida." Levine v. Hopson, 2016 WL 7972152 at *2 (M.D. Fla. 2016). Merely because the plaintiff

apparently asserts that she is a "member of a protected class does not give rise to federal question jurisdiction." Levine v. Hopson, supra. In this respect, even though the plaintiff asserts that she is a member of a protected class, there is no basis for such a claim. Among other deficiencies, it is not even alleged that a state actor is involved. See Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (to establish a claim under 42 U.S.C. 1983, a plaintiff must prove: (1) a violation of a constitutional right; and (2) that the alleged violation was committed by a person acting under the color of state law or a private individual who conspired with state actors). Thus, the defendants in this case appear to be a company and a private actor regarding a filed case for eviction and past due rent in state court. Moreover, the plaintiff appears to raise assertions centering around habitability issues of the dwelling and, that, of course, does not raise a federal question.

Accordingly, even construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff's complaint is procedurally deficient and fails to state a claim on which relief may be granted. For these reasons, the plaintiff's complaint is deficient and is subject to dismissal. 28 U.S.C. 1915(e)(2)(B)(ii). However, it is appropriate to afford the plaintiff an opportunity to file an amended

complaint. See Troville v. Venz, 303 F.3d 1256, 1260-61 n.5 (11th Cir. 2002) (§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Fed.R.Civ.P. 15). I therefore recommend that the complaint be dismissed, but allow the plaintiff to file within thirty days an amended complaint that complies with the Federal Rules of Civil Procedure.

Furthermore, with respect to the plaintiff's Emergency Motion to Stay Eviction (Doc. 3) that has been construed as a motion for a preliminary injunction and related Emergency Motion to Stay Eviction (Doc. 7), I am recommending that the motions be denied. The motions do not begin to comply with Local Rule 4.06 with respect to seeking the issuance of a preliminary injunction. In particular, Local Rule 4.06(b)(1) provides:

> The party applying for the preliminary injunction shall fully comply with the procedural requirements of Rule 4.05(b)(1) through (b)(5) of these rules pertaining to temporary restraining orders.

Further, Local Rule 4.06(b)(2) states:

> Service of all papers and affidavits upon which the moving party intends to rely must be served with the motion (Rule 6(c), Fed.R.Civ.P.).

Clearly, the plaintiff has not complied with the procedural requirements of Local Rule 4.06. I therefore recommend that the plaintiff's Emergency Motion to Stay Eviction (Doc. 3) and Emergency Motion to Stay Eviction (Doc. 7) be denied.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: May 31, 2018

NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.